(35 Misc. Rep. 372.)

### MILLER v. BARTH.

(City Court of New York, General Term. June, 1901.)

REAL-ESTATE AGENT—COMMISSIONS.

Where a real-estate broker procures a responsible purchaser, who is accepted by the principal, he is entitled to his commissions, and it is no defense in an action therefor that the principal thereafter became dissatisfied with the purchaser.

Appeal from trial term.

Action by George M. Miller against John C. Barth. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Lippmann & Ruck (William J. Lippmann, of counsel), for appellant.

Elliott, Jones & Escher (Henry Escher, of counsel), for respondent.

CONLAN, J. The action was to recover the commissions of a broker on the sale of real estate in New York City. The defendant had purchased some unfinished buildings at a sale in foreclosure, and desired to find a purchaser therefor. The plaintiff and his assignor, who were then partners, were employed by the defendant as brokers in the premises, and procured a customer for the defendant, who was able and willing to perform, and who was accepted by the defendant. The broker had then complied with all the conditions to entitle him to his compensation, which had been fixed at 1 per cent. of the purchase price, or $850. The defendant and the customer then proceeded to arrange some details connected with the transaction, a part of which consisted of the preparation of certain bonds and mortgages, to be delivered as a part of the consideration, and these were executed and delivered, and the customer also paid the amount required for the revenue stamps to affix to the papers. It is not to be contended that the broker was in any way interested in or had any part to perform in the details of the transaction. No written contract between any of the parties was entered into; it being stated by the defendant, as it appears from the evidence, that the deed was to be passed direct to the new purchaser in order to save expense. Several meetings and interviews appear to have been had between the defendant and his purchaser, having in view the completion of the transaction. As a part of the details, a building loan was to be made by the defendant to his purchaser, with which to complete the building, and it was claimed that because of this the commission of the broker had not been earned until the latter was executed. In this connection it is shown by the evidence that the purchaser was at all times willing

to enter into the building-loan agreement, but that for some reason,. and precisely what does not appear, the defendant declared the transaction off before the completion of this particular instrument, and thereafter alleged as a reason for nonperformance that the property had been sold to other parties. Whether this was so or not, the defendant testified on the trial that he was then the owner of the premises in question. If the defendant is to be permitted to escape liability by a summary dismissal of his customer after the minds of the parties have met, then there might be created a condition where the broker would under no circumstances be entitled to his commission, and there would soon be an end to all contracts through the instrumentality of the agent, and brokers would not be found looking for principals to buy or sell. The law, however, has long since become settled in matters of this kind, and brokers have become a necessary means to the originating or carrying out of operations, both large and small, and few transactions are to-day carried on without their agency and active co-operation. It is necessary that some limit be put to the caprice of the principal; otherwise, for any reason whatever, he might, at any stage in the transaction, whether before or after negotiations had been completed, summarily dismiss the broker with the naked declaration that the deal was off, and deprive the latter of his justly-earned compensation. In this case, then, the broker having found a responsible purchaser who came to an agreement with the latter, he performed his contract with his principal, and could not, therefore, be deprived of his commissions. The record presents to our mind nothing which calls for an interference with the determination reached at the trial term, and the judgment and order appealed from must be affirmed, with costs.

Judgment and order affirmed, with costs.

O'DWYER, J., concurs.